CLAY W. STUCKI (6141)
JARYL RENCHER (4903)
**STUCKI STEELE & RENCHER, LLC**
299 S. Main St., Suite 2200
Salt Lake City, Utah 84111
Telephone: (801) 961-1300
Facsimile: (801) 961-1311
Email:
   clay@ssrfirm.com
   rencher@ssrfirm.com
*Attorneys for Izzy Poco, LLC.*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IZZY POCO, LLC,<br><br>               Plaintiff,<br><br>   vs.<br><br>TOWN OF SPRINGDALE, a political subdivision of the State of Utah, JOE BARKER, PAT CLUFF, JOHN CALLAHAN, COLIN DOCKSTADER, LOUISE EXCELL, STANLEY J. SMITH, RICHARD (RICK) WIXOM, FAY COPE, and JOHN OR JANE DOES 1-20,<br><br>               Defendants. | **FIRST AMENDED COMPLAINT**<br><br>**With JURY DEMAND**<br><br><br>Case No.  2:10-cv-00559CW<br><br><br>Judge Clark Waddoups |

      Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff Izzy Poco,

LLC ("*Izzy Poco*") hereby amends its Complaint, thereby dismissing without prejudice certain

parties previously named as defendants before a responsive pleading is filed, and complaining against each of the remaining Defendants as follows:

## DESCRIPTION OF THE PARTIES

1. Plaintiff Izzy Poco is a minority owned company formed as a Utah limited liability company duly authorized to transact business in the State of Utah with its principal place of business in Springdale, Utah. Izzy Poco is currently being prevented from transact business in Utah by an ordinance enacted by the Springdale Planning Commission and Springdale Town Council with the intent and purpose of keeping any and all franchise restaurants out of Springdale (the "*Franchise Ordinance*").

2. Defendant Town of Springdale ("*Springdale*") is a political subdivision of the State of Utah.

3. Defendant Captain Joe Barker is the captain of the Springdale Fire Department and upon information and belief, either a resident of Rockville or Virgin, Utah.

4. Defendant Pat Cluff is the current mayor of Springdale and a resident of Springdale, Utah.

5. Defendant John Callahan is a resident of Springdale, Utah, and is a current member of the Springdale Town Council.

6. Defendant Colin Dockstader, upon information and belief, is a resident of Springdale, Utah, and is a current member of the Springdale Town Council.

7. Defendant Louise Excell is a resident of Springdale, Utah, and is a current member of the Springdale Town Council. Louise Excell owned businesses in town that sold

Case 2:10-cv-00559-CW   Document 42   Filed 11/09/10   Page 3 of 17

food and would have completed franchises at the time the Franchise Ordinance was passed, namely the restaurant in the Driftwood Lodge and the food sales in the Chevron station, which Chevron station is a franchise that the Springdale Town Council determined did not harm the unique character of Springdale.

8. Defendant Stanley J. Smith is a resident of Springdale, Utah, and is a current member of the Springdale Town Council. At the time the Franchise Ordinance was passed by the Springdale Town Council, Mr. Smith or his family owned a franchise restaurant named the Bumbleberry Restaurant, but again, the Springdale Town Council determined that this particular franchise restaurant owned by a Town Council member did not harm the unique character of Springdale.

9. Defendant Richard (Rick) Wixom is a resident of LaVerkin, Utah, and is the town manager for Springdale.

10. Defendant Fay Cope is a resident of Virgin, Utah, and is the town clerk for Springdale.

11. Defendants John or Jane Does 1-20 are persons that conspired to violate the rights of Izzy Poco who may become known to plaintiff through discovery in this case.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution and laws of the United States.

13. This Court has personal jurisdiction over the Defendants in that they are residents of the State of Utah and/or are conducting or otherwise transacting business within the State of

Utah.

14. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b) because all of the Defendants reside in the State of Utah.

## GENERAL ALLEGATIONS

15. Beginning in the 1990s, Springdale has attempted to prevent franchises from opening in the town by enacting ordinances prohibiting franchises.

16. The primary justification for the Springdale ordinances prohibiting franchises was an unscientific poll called the 2002 Town-Wide Survey in which 133 residents of Springdale responded that non-franchise restaurants would be the most important business growth over the next ten years, which ranked this business opportunity as the most important out of the 15 options presented in the 2002 Town-Wide Survey.

17. The food franchise/chain option was ranked as important by only 22 residents of Springdale in the 2002 Town-Wide Survey, making it only a slightly more popular idea for growth than the retail franchise/chain option presented to the residents.

18. In early 2006, because Springdale was presented with a license application for a Subway Sandwich store that may not have been prohibited by the franchise ordinance then in place, and because there were concerns about whether the franchise ordinance then in place was enforceable, Springdale held one or more working meetings regarding revising the town franchise ordinance.

19. In those meetings, the Mayor and several other Springdale town officials stated that Springdale had to protect the town and its businesses from franchises. The Mayor

specifically stated that she would do anything and everything that it took to prevent a Subway Sandwich restaurant from opening in Springdale.

20. In an April 11, 2006 working meeting of the Springdale Planning Commission, the following comments from the 2002 Town-Wide Survey were referenced as reasons for the current Franchise Ordinance:

    a. "Locally owned and operated businesses – not chains.

    b. "Independently owned stores"

    c. "Food franchise/chain is a dangerous direction to go and not appropriate."

    d. "No McDonalds!"

21. Although the Planning Commission noted that several franchises already existed in Springdale, including without limitation a Chevron station, a Shell station, a Zions Bank, Quality Inn, and a Best Western Motel, the Planning Commission determined that these businesses had been "customized" to Springdale in exterior appearance, operation, and experience offered. However, the Planning Commission determined that it was "impossible to 'customize' a formula restaurant because they are bound by contractual obligations to be essentially the same in appearance and product offerings."

22. The reasoning and finding that it is "impossible to 'customize' a formula restaurant is unfounded, wrong and merely a pretext for unconstitutionally protecting local businesses from competition and ensuring that businesses remain owned by local residents.

23. Many cities have adopted ordinances that require franchises and all other businesses to build to certain custom standards to enhance or preserve a unique character for a

city.

24. The administrative record for the ordinances also notes that there were no formula restaurants existing in Springdale in the spring of 2006.

25. Finally, the Planning Commission noted and included in the administrative record that 12 other cities in California, Maine, Oregon, Rhode Island and Washington (the "***Example Cities***") had adopted ordinances that regulated formula businesses that should be used to inform and guide Springdale's Franchise Ordinance. The Example Cities are: Arcata, California; Bainbridge, Washington; Bristol, Rhode Island; Calistoga, California; Cannon Beach, Oregon; Carmel-by-the-Sea, California; Coronado, California; Ogunquit, Maine; Pacific Grove, California; San Francisco, California; Solvang, California; and York, Maine.

26. However, there are Subways Restaurants in 8 of the 12 (2/3) Example Cities. Moreover, in two of the other Example Cities, a Subway is located within 5 and 8 miles in neighboring cities. The locations of Subway restaurants as a record kept in the ordinary course of business can be obtained through the Restaurant Locator function on the official Subway website, www.subway.com. Page printed from that website showing the locations of the Subways in the Example Cities are attached hereto as **Exhibit A**.

27. In at least one meeting, the town attorney stated that the Franchise Ordinance was probably illegal and unenforceable, but that they would do their best to help the town keep out food franchises.

28. Moreover, at least regulatory consultant hired by Springdale told Springdale that a flat prohibition on franchises without more specifically addressing and prohibiting the alleged

problems with the franchises would be illegal.

29.     Therefore, most, it not all, of the Defendants knew or should have known that the current Franchise Ordinance illegally violated the United States Constitution.

30.     So they can be strictly banned, the current Franchise Ordinance adopted by the Planning Commission and the Springdale Town Council, with the assistance of the town clerk and planner, first defines a franchise restaurant at section 10-2-2 (Definitions) of the Springdale Town Code as follows: "FORMULA RESTAURANT OR DELICATESSEN: A business which is required by contractual or other arrangement to provide any of the following: substantially identical named menu items, packaging, food preparation methods, employee uniforms, interior decor, signage, exterior design, or name as any other restaurant or delicatessen in any other location."

31.     Under section 10-3A-5(C)(1)(d) and (D)(12)(d) (Specific Standards for Restaurants) of the Springdale Town Code, the Franchise Ordinance simply provides that "Formula restaurants are prohibited."

32.     Finally, the Franchise Ordinance at section 10-22-3 of the Springdale Town Code provides that "[s]ubject to the provisions of section 10-21-1 of this title [nonconforming uses existing prior to 1977], the following uses are recognized to be incompatible with the general plan, because of the limited amount of private land available within the town's boundaries; the large size or scale required of such uses; excessive noise, odor or light emissions; their excessive use of limited resources and the undue burden they place on public utilities and services, or because they are of a character hereby found to be in conflict with the town's general plan: . . .

<u>formula restaurants and formula delicatessens</u>."

33. Springdale made no effort to explain how a sandwich shop franchised by Subway would differ from another local sandwich shop with regard to size; noise, odor or light emissions; use of limited resources and burden on public utilities and services; or character.

34. More importantly, Springdale made no effort to explain why, rather than simply banning all franchise restaurants, these alleged differences could not be addressed by less restrictive regulations that directly addressed the alleged harms caused by the differences.

35. Izzy Poco was granted a business license by Springdale to open and operate a sandwich shop restaurant in Springdale, which license is up for renewal on June 30, 2010.

36. Izzy Poco has spent over $500,000.00 in purchasing and preparing the sandwich shop for business and in purchasing supplies, and the store was scheduled to open on June 11, 2010.

37. During the remodeling of the sandwich shop, the town had no particular concerns about the location, size, appearance, noise, odor light emissions, use of public utilities and services, and whether a sandwich shop of this size at that location generally detracted from the "character" of Springdale.  Indeed, the location was formerly a sandwich shop before it was acquired by Izzy Poco; it just wasn't affiliated with any franchise.

38. On May 5, 2010, Springdale sent a notice to Izzy Poco that its license should be renewed on or before June 30, 2010 (the "Renewal Notice").  A true and correct copy of the Renewal Notice is attached hereto as **Exhibit B**.

39. For all restaurants, the Renewal Notice provides that the Health Department must

inspect the pre-opening inspection, that all people handling or preparing food have a food handlers permit, and that sewer superintendent must insure that the grease trap is adequate for the use at the premises (the "***Restaurant Health and Safety Requirements***").  There is nothing with regard to these requirements that would justify treating a franchise sandwich shop differently from a non-franchise sandwich shop.

40. Izzy Poco satisfied all of the Restaurant Health and Safety Requirements.

41. The Renewal Notice also provides that the Fire Marshall must inspect the business.

42. However, prior to its scheduled opening, when the Springdale Fire Captain (Joe Barker) learned that Izzy Poco would be serving Subway sandwiches, he refused to inspect the premises.  He candidly admitted to Izzy Poco that the only reason that he wouldn't perform the inspection was that Subway sandwiches violated the Franchise Ordinance.  The Springdale Fire Marshall could give was no reason related to fire safety that would justify treating a franchise sandwich shop differently from a non-franchise sandwich shop.

43. On June 9, 2010, Springdale sent a fax to Izzy Poco (the "***June 9 Fax***") making it clear that the business license would not be renewed as long as "anything that has been installed for 'Subway' such as décor, menus, 'Subway' specific food preparation equipment or any other thing that represents or is required by 'Subway'" remains in the premises.  The June Fax includes a copy of the Franchise Ordinance.  A true and correct copy of the June 9 Fax is attached hereto as **Exhibit C**.

44. The June 9 Fax demonstrates (i) that there are no real health and safety issues or

other legitimate concerns with regard to the sandwich shop and (ii) that the only concern of Springdale is to protect other businesses from competition with a Subway franchise.

45. On or about June 10, 2010, desperate to show Springdale that the restaurant met all of the applicable fire safety requirements, Izzy Poco arranged for the County Fire Marshall to inspect the premises. However, Springdale called the County Fire Marshall to cancel that inspection.

46. Springdale has been uneven, hypocritical and discriminatory in its enforcement of the Franchise Ordinance, and there are several examples of other so-called "formula restaurants" that friends of the Town Council have been allowed to operate in Springdale.

47. For example, Councilmember Stanley J. Smith operated a Bumbleberry franchise in Springdale.

48. The coffee shop at the Pioneer Lodge that "offers a full line of Seattle's best coffee, espresso, iced drinks, croissant sandwiches, and succulent pastries" fits the definition of a formula restaurant under the Franchise Ordinance. The coffee shop offers the substantially identical named menu items, packaging, food preparation methods, and signage as other restaurants serving Seattle's Best coffee due to contractual or other arrangements. A copy of the standardized Seattle's Best menu offered in the Pioneer Lodge coffee shop is included in the attached **Exhibit D**.

49. Springdale has not refused to renew the business license for the Pioneer Lodge coffee shop until anything that has been installed relating to Seattle's Best such as décor, menus, Seattle's Best specific food preparation equipment or any other thing that represents Seattle's

Best is removed.

50. The Periodic Table internet café in Springdale that serves Starbucks coffee fits the definition of a formula restaurant under the Franchise Ordinance. The Periodic Table offers the substantially identical named menu items, food preparation methods, and signage as other restaurants serving Starbucks coffee due to contractual or other arrangements. Pictures of the standardized Starbucks coffee signs and menu items offered in the Periodic Table are included in the attached **Exhibit D**.

51. Springdale has not refused to renew the business license for the Periodic Table until anything that has been installed relating to Starbucks such as décor, menus, Starbucks food preparation equipment or any other thing that represents Starbucks is removed.

52. Even the standardized signage and Deli Express food items served at the gas station convenience store may fit the definition of a formula restaurant.

53. Kathy LaFave, a Town Council member when the Franchise ordinance was written, owns and operates a "Simply Birkenstock" franchise in Springdale. See **Exhibit D**.

54. Izzy Poco's business plan is to sell sandwiches, ice cream, and coffee from its premises, and it is difficult to see how selling Subway Sandwiches from its premises materially differed from other businesses selling Starbucks and Seattle's Best coffee at their premises in Spingdale, except for the fact that Izzy Poco if owned by racial minorities who do not live in Springdale.

55. From the examples of other formula restaurant food approved by Springdale and the many other franchise businesses already located in Springdale, there is no basis for the

11

assumption that a Subway Sandwich shop would somehow alter or damage the character of the Community.

56. In October 2008, Springdale sent residents a Town of Springdale News flyer with their utility bills stating that "You said you didn't want food franchises, the Commission wrote an ordinance to keep them away." See **Exhibit E** attached hereto.

57. The Franchise Ordinance was drafted and enforced by Springdale with the primary underlying purpose of protecting local businesses from interstate commerce.

## FIRST CAUSE OF ACTION – VIOLATIONS OF 42 U.S.C. § 1983

58. Plaintiff incorporates by this reference all of the other allegations set forth herein.

59. At all times relevant hereto, the conduct of all Defendants were subject to 42 U.S.C. § 1983.

60. Acting under the color of law, Defendants have violated Izzy Poco's right, privilege, or immunity secured by the Commerce Clause of the United States Constitution by preventing Izzy Poco from engaging in interstate trade free from restrictive and discriminatory local regulations including, but not limited to, by (a) unevenly and discriminatorily applying and enforcing the Franchise Ordinance; (b) refusing to renew Izzy Poco's business license pursuant to the Franchise Ordinance so long as Izzy Poco's business has anything to do with Subway; (c) the Springdale Fire Marshall refusing to inspect Izzy Poco's place of business because it violates the Franchise Ordinance; and (d) prohibiting the County Fire Marshall from inspecting the premises.

61. As a direct and proximate cause of Defendants' conduct, Defendants have

deprived Izzy Poco of its constitutional right under the Commerce Clause of the United States Constitution and have violated 42 U.S.C. § 1983.

62. In addition, the town attorney, at the direction of the City Council, is knowingly enforcing an unconstitutional law and has already determined with the Town Clerk that the businesses license renewal has been "DENIED" because Izzy Poco is a Subway Sandwich franchise. See **Exhibit F** attached hereto. Unbelievably, the town attorney claims that the license is also being denied because Izzy Poco has failed to complete the required inspections when Springdale itself is actively preventing those inspections because Izzy Poco intends to sell Subway sandwiches. The town attorney also threatened criminal action against Izzy Poco if it operated its business. See **Exhibit F** attached hereto.

63. As a result, Izzy Poco is entitled to an award of damages in an amount to be proven at trial, including an award of costs and attorney fees pursuant to 42 U.S.C. § 1988, and is also entitled to an injunction prohibiting the Franchise Ordinance from being applied to prohibit Izzy Poco from opening its Subway restaurant, requiring the necessary inspections of Izzy Poco's business be completed by the Fire Marshall, and that Izzy Poco's business license be renewed.

## SECOND CAUSE OF ACTION—INJUNCTION

64. Plaintiff incorporates by this reference all of the other allegations set forth herein.

65. Pursuant to the Franchise Ordinance, Springdale has refused to renew Izzy Poco's business license, Springdale's Fire Marshall has refused to conduct the necessary inspection of Izzy Poco's business, and Springdale has prohibited the County Fire Marshall from conducting

the necessary inspections. This conduct has the effect of preventing Izzy Poco from exercising (and violates) its constitutional right under the Commerce Clause to engage in interstate commerce free from restrictive and discriminatory local regulations such as the Franchise Ordinance.

66.     If Springdale is permitted to prevent Izzy Poco from exercising its constitutional right under the Commerce Clause pursuant to the Franchise Ordinance, Izzy Poco will suffer irreparable harm.

67.     The violation of Izzy Poco's constitutional right outweighs any damage an injunction might impose upon Springdale.

68.     An injunction preventing Springdale from violating Izzy Poco's constitutional rights is not adverse to the public interest because the public's interest is served by preventing public officials from violating the Constitution.

69.     Izzy Poco is likely to prevail on the merits of its underlying claim.

70.     As such, Izzy Poco is entitled to a preliminary and permanent injunction that enjoins Springdale from refusing to renew Izzy Poco's business license, requires Springdale and the Fire Marshall to conduct the necessary inspections, and prohibits Springdale from precluding Izzy Poco from conducting its Subway restaurant business pursuant to the Franchise Ordinance.

### THIRD CAUSE OF ACTION—DECLARATORY JUDGMENT

71.     Plaintiff incorporates by this reference all of the other allegations set forth herein.

72.     Pursuant to the Franchise Ordinance, Springdale is preventing Izzy Poco from opening and conducting a Subway restaurant business. Izzy Poco contends that the Franchise

Ordinance is unconstitutional in so far as it violates the Commerce Clause of the United States Constitution because it discriminates against interstate commerce, does not advance a legitimate local interest and is not narrowly tailored, or, at the very least, imposes an excessive burden upon interstate commerce.

73. A real case and controversy exists between Izzy Poco and Springdale with regard to the constitutionality of the Franchise Ordinance and its application to Izzy Poco.

74. Therefore, Izzy Poco is entitled to a declaratory judgment declaring the Franchise Ordinance and its application to Izzy Poco in preventing Izzy Poco from opening its Subway restaurant business unconstitutional under the Commerce Clause of the United States Constitution.

### FOURTH CAUSE OF ACTION—CIVIL CONSPIRACY

75. Plaintiff incorporates by this reference all of the other allegations set forth herein.

76. The Defendants agreed among themselves to the unlawful and unconstitutional purpose of preventing a Subway franchise or any other food franchise from opening in the town and keeping outsiders, especially minorities, from operating a business in Springdale.

77. Pat Cluff and other Defendants in this case fraudulently misrepresented to an earlier business license applicant for a Subway Sandwich restaurant that Springdale had began revising its ordinances to keep out food franchises *before* the application had been submitted to Springdale Town when in fact the revision of the Franchise Ordinance began *after* the application has been submitted to the town. This fraudulent overt act in furtherance of the conspiracy was a wrongful and illegal means to further to prevent a Subway franchise or any

other food franchise from opening in the town.

78. Defendants and other unknown accomplices engaged in other wrongful overt acts in furtherance of the conspiracy, including without limitation (a) enacting and enforcing a Franchise Ordinance that the Defendants knew or should have known was unconstitutional, (b) actively and wrongfully preventing Plaintiff from being able to conduct the inspections required for its business license and then facetiously blaming Plaintiff for those failures, (c) vandalizing the property of Plaintiff immediately after it was known to Defendants that the restaurant would sell Subway Sandwiches, and (d) refusing to renew the Plaintiff's business license.

79. The unlawful purposes and unlawful means used by Defendants to advance their conspiracy has damaged Plaintiff in an amount exceeding $500,000.00.

## PRAYER FOR RELIEF

NOW THEREFORE, Plaintiff prays for relief against Defendants as follows:

A. For a judgment against all of the Defendants, jointly and severally, in an amount of not less than $500,000.00 pursuant to 42 U.S.C. § 1983 and the civil conspiracy cause of action;

B. For an Order of this Court enjoining Springdale from taking any action to enforce the unconstitutional Franchise Ordinance;

C. For a declaratory judgment from this Court declaring that the Franchise Ordinance violates the Constitution;

D. For reasonable costs and attorneys fees pursuant to 42 U.S.C. § 1988; and

E. Such other relief as this Court may deem just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so asserted herein and warrants that the appropriate fee has been submitted herewith.

                                            DATED this 9th day of November, 2010.
                                            STUCKI, STEELE & RENCHER

                                            /s/ Clay Stucki
                                            CLAY W. STUCKI
                                            *Attorneys for Plaintiff*

Plaintiff's address:
Izzy Poco, LLC
c/o Stucki Steele & Rencher
299 South Main Street, Suite 2200
Salt Lake City, UT 84111