DAVID L. CHURCH (#0659)
MEB W. ANDERSON (#10227)
**BLAISDELL & CHURCH, P.C.**
5995 South Redwood Road
Salt Lake City, Utah 84123
Tel: (801) 261-3407
Fax: (801) 261-3503
Email: bclaw@xmission.com


*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IZZY POCCO, LLC, | |
| Plaintiff, | **DEFENDANTS' AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| TOWN OF SPRINGDALE, *et al*, | Case No. 2:10CV00559 |
| Defendants | Judge Clark Waddoups |

Pursuant to Rule 15 of the Federal Rules of Civil Procedure the Town of Springdale ("Springdale" or "Town") and each of the individual defendants (together "Defendants"), by and through undersigned counsel of record hereby amends their previously filed answer and respond to the allegations of the First Amended Complaint as follows. All allegations not specifically admitted herein are denied.

## AMENDED ANSWER

1. In response to the allegations of Paragraph 1, Defendants are without sufficient information or knowledge to form a belief as to any of the allegations of the first sentence in Paragraph 1, and said allegations are otherwise denied. Defendants deny the allegations found in the second sentence of Paragraph 1.

2. Defendants admit the allegations of Paragraph 2.

3. Defendants deny the allegations of Paragraph.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants admit the allegations of Paragraph 5.

6. Defendants deny the allegations of Paragraph 6.

7. In response to the allegations of Paragraph 7, Defendants admit the allegations of the first sentence in Paragraph 7. Defendants deny the allegations found in the second sentence of Paragraph 7.

8. In response to the allegations of Paragraph 8, Defendants admit the allegations of the first sentence in Paragraph 8. Defendants deny the allegations found in the second sentence of Paragraph 8.

9. Defendants admit the allegations of Paragraph 9.

10. Defendants admit the allegations of Paragraph 10.

11. Defendants deny the allegations of Paragraph 11.

12. Defendants admit the allegations of Paragraph 12.

13. Defendants admit the allegations of Paragraph 13.

14. Defendants admit the allegations of Paragraph 14.

15. In Response to Paragraph 15 the Defendants admit that since 1992 the Town has had an ordinance that made franchise or chain businesses prohibited uses and that this ordinance was replaced by the 2006 Formula Restaurant Ordinance and affirmatively allege that these ordinances will speak for themselves.

16. Defendants deny the allegations of Paragraph 16.

17. Defendants admit the allegations of Paragraph 17.

18. Defendants deny the allegations of Paragraph 18.

19. Defendants deny the allegations of Paragraph 19.

20. Defendants admit the allegations of Paragraph 20 and affirmatively allege that the reasons stated in the paragraph were not the sole reasons for the approval of the ordinance.

21. Defendants deny the allegations of Paragraph 21 and affirmatively allege that the record of the meetings of the planning commission will speak for itself.

22. Defendants deny the allegations of Paragraph 22.

23. In response to the allegations of Paragraph 23, Defendants are without sufficient information or knowledge to form a belief as to any of the allegations in Paragraph 23, and said allegations are otherwise denied.

24. Defendants admit the allegations of Paragraph 24.

25. Defendants admit the allegations of Paragraph 25 and affirmatively allege that the administrative record specifically states that the ordinances referred to were to be used as reference only, and that their experiences and rationale should not be transferred directly to the Town of Springdale.

26. In response to the allegations of Paragraph 26, Defendants are without sufficient information or knowledge to form a belief as to any of the allegations in Paragraph 26, and said allegations are otherwise denied.

27. Defendants deny the allegations of Paragraph 27.

28. Defendants deny the allegations of Paragraph 28.

29. Defendants deny the allegations of Paragraph 29.

30. In response to the allegations of Paragraph 30, Defendants deny the allegations of in Paragraph 30 with regard to: "So they can be strictly banned, the current Franchise Ordinance adopted by the Planning Commission and the Springdale Town Council, with the assistance of the town clerk and planner," but admit the remaining allegations found in Paragraph 30.

31. Defendants admit the allegations of Paragraph 31.

32. Defendants admit the allegations of Paragraph 32.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants admit the allegations of Paragraph 35.

36. In response to the allegations of Paragraph 36, Defendants are without sufficient information or knowledge to form a belief as to any of the allegations in Paragraph 36, and said allegations are otherwise denied.

37. In response to the allegations of Paragraph 37, Defendants deny the allegations of the first sentence in Paragraph 37 and affirmatively allege that it appeared to the Town that the Plaintiff was attempting to hide the fact from the Town and its staff that the intended business

use was for a formula restaurant. Defendants admit the allegations found in the second sentence of Paragraph 37.

38. Defendants admit the allegations of Paragraph 38.

39. Defendants admit the allegations of Paragraph 39.

40. In response to the allegations of Paragraph 40, Defendants are without sufficient information or knowledge to form a belief as to the allegations in Paragraph 40.

41. Defendants admit the allegations of Paragraph 41.

42. Defendants deny the allegations of Paragraph 42.

43. Defendants admit the allegations of Paragraph 43.

44. Defendants deny the allegations of Paragraph 44.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants deny the allegations of Paragraph 46.

47. Defendants deny the allegations of Paragraph 47.

48. In response to the allegations of Paragraph 48, Defendants deny the allegations of the first and second sentence in Paragraph 48. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations found in the third sentence of Paragraph 48.

49. In response to the allegations of Paragraph 49, Defendants admit that they have "not refused to renew the business license for the Pioneer Lodge coffee shop[,]" but deny the remaining allegations of Paragraph 49.

50. In response to the allegations of Paragraph 50, Defendants deny the allegations of the first and second sentence in Paragraph 50. Defendants are without sufficient information or

knowledge to form a belief as to the truth of the allegations found in the third sentence of Paragraph 50.

51.    Defendants deny the allegations of Paragraph 49.

52.    Defendants deny the allegations of Paragraph 52.

53.    Defendants admit the allegations of Paragraph 53 that Kathy LaFave was a council member but deny each and every other allegation contained therein.

54.    In response to the allegations of Paragraph 54, Defendants are without sufficient information or knowledge to form a belief as to any of the allegations in Paragraph 54, and said allegations are otherwise denied.

55.    Defendants deny the allegations of Paragraph 55.

56.    Defendants admit the allegations of Paragraph 56.

57.    Defendants deny the allegations of Paragraph 57.

### FIRST CAUSE OF ACTION

58.    With respect to the allegations of Paragraph 58, Defendants incorporate their answers to the corresponding Paragraphs.

59.    Defendants admit the allegations of Paragraph 59.

60.    Defendants deny the allegations of Paragraph 60-63.

### SECOND CAUSE OF ACTION

61.    With respect to the allegations of Paragraph 64, Defendants incorporate their answers to the corresponding Paragraphs.

62.    In response to the allegations of Paragraph 65, Defendants admit the allegations of the first sentence that it has refused to renew Izzy Poco's business license but denies each and

every other factual allegation in the first sentence in Paragraph 65. Defendants deny the allegations found in the second sentence of Paragraph 65.

63. Defendants deny the allegations of Paragraphs 66-70.

### THIRD CAUSE OF ACTION

64. With respect to the allegations of Paragraph 71, Defendants incorporate their answers to the corresponding Paragraphs.

65. Defendants deny the allegations of Paragraphs 72-74.

### FOURTH CAUSE OF ACTION

66. With respect to the allegations of Paragraph 75, Defendants incorporate their answers to the corresponding Paragraphs.

67. Defendants deny the allegations of Paragraphs 76-79.

### DEFENSES AND AFFIRMATIVE DEFENSES

#### First

1. The Complaint fails to state a claim upon which relief can be granted.

#### Second

2. Plaintiff's claims are barred in whole or in part, as Defendants did not violate any constitutional, statutory, or common-law right, privilege or immunity enjoyed by Plaintiff, and therefore Plaintiff suffered no constitutional violation.

#### Third

3. Plaintiff's claims against Springdale are barred in whole or in part, as Defendants actions were not pursuant to any unconstitutional policy, custom, usage, rule or regulation.

**Fourth**

4.Plaintiff's claims against Springdale fail, in whole or in part, because the doctrine of respondeat superior has been rejected as a valid legal theory implicating conduct in a civil rights proceeding brought pursuant to 42 U.S.C. § 1983.

**Fifth**

5.Plaintiff's claims against Defendants are barred because Plaintiff suffered no injury, or damage whatsoever as a result of the conduct of these defendants.

**Sixth**

6.Plaintiff's claims against Defendants are barred because the actions of these defendants did not violate any clearly established law, and were otherwise objectively reasonable, and therefore these defendants are entitled to qualified immunity from suit.

**Seventh**

7.Plaintiff's claims against  Defendants are barred because any damages sustained were caused by the acts or omissions of third parties over which these defendants have no control.

**Eight**

8.To the extent Plaintiff failed to mitigate his damages, if any, any potential recovery under such claims advanced by Plaintiff's Complaint should be barred or otherwise appropriately reduced.

### **Ninth**

9.      To the extent this Court construes, or Plaintiff so later argues, any claim asserted in the Complaint to be brought under Utah law, Defendants are immune from such claims pursuant to the Utah Governmental Immunity Act.

### **Tenth**

10.     Defendants reserve the right to assert any additional affirmative defenses learned during the course of discovery and not asserted herein.

WHEREFORE, these Defendants having fully answered the First Amended Complaint request that the Court:

1.      Dismiss each of the claims in the Plaintiff's First Amended Complaint against Defendants with prejudice;

2.      Any other relief the Court deems necessary and just under the circumstances.

DATED December 1, 2010.

/s/David L. Church_____
David Church
Meb W. Anderson
**BLAISDELL & CHURCH, PC**
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 1, 2010, I caused a true and correct copy of the foregoing **DEFENDANTS' ANSWER** to be electronically served via the United States District Court's CM/ECF electronic service, upon the following:


Clay Stucki
Jaryl Rencher
Stucki Steele & Rencher, LLC
299 South Main St., Suite 2200
Salt Lake City, Utah 84111


       /s/David L. Church