David L. Church (659)
Meb W. Anderson (10227)
**BLAISDELL & CHURCH, P.C.**
5995 South Redwood Road
Salt Lake City, Utah 84123
Tel: (801) 261-3407
Fax: (801) 261-3503
meb@bcjlaw.net

IN THE UNITED STATES DISTRICT COURT,

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IZZY POCO, LLC, | **INDIVIDUAL DEFENDANTS' REPLY IS SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| v. | |
| TOWN OF SPRINGDALE, et al.; | Case No. 2:10CV00559CW |
| Defendants. | Judge Clark Waddoups |

Defendants Joe Barker, Pat Cluff, John Callahan, Colin Dockstader, Louise Excell, Stanley J. Smith, Richard (Rick) Wixom, and Fay Cope ("Individual Defendants" or "Defendants" for purposes of this motion), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 56, hereby submit the following Reply Memorandum in Support of their Motion for Summary Judgment based on the doctrines of legislative and qualified immunity.

Initially, Defendants point out that Plaintiff has agreed pursuant to the doctrine of legislative immunity, which clearly applies in this case, to the dismissal from this matter

of John Callahan, Colin Dockstader, Louise Excell, and Stanley J. Smith as current or former members of the Springdale Town Council. (Pl. Opp. Mem. at page 11.) Based on Plaintiff's abandoning these claims, these Defendants should be dismissed with prejudice, not without prejudice as Plaintiff suggests.[1] Accordingly, because it is undisputed that Defendants Callahan, Dockstader, Excell, and Smith should be dismissed from this matter as they are legislatively immune from suit, this Reply Memorandum will focus solely on Defendants Joe Barker, Pat Cluff, Richard (Rick) Wixom, and Fay Cope being qualifiedly immune from suit.

## REPLY ARGUMENT

### I. Plaintiff Has Failed To Contest The Facts Declared In The Individual Defendants' Motion For Summary Judgment, And Therefore Those Facts Must Be Deemed Admitted.

The Individual Defendants set forth 24 concise material facts in their Memorandum in Support of their Motion for Summary Judgment. Plaintiff failed to contest any of those 24 concise factual statements. *See* (Pl. Opp. Mem. generally.) The Individual Defendants' uncontested factual assertions must therefore be admitted. Fed. R. Civ. P. 56(c) & (e) requires that a party opposing a motion for summary judgment must property address another party's assertions of fact. Local Rule DUCivR 56-1(c) clearly articulates the following:

> A memorandum in opposition to a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the party contends a genuine issue exists. Each fact in dispute must be numbered, must refer with particularity to those portions of the record on which the opposing party relies and, if applicable, must state the number of the movant's fact that is

---

[1] A motion stipulating to these Defendants' dismissal with prejudice has been provided to Plaintiff and will be filed with this Court if Plaintiff is so agreeable.

>   disputed. All material facts of record meeting the requirements of Fed. R. Civ. P. 56 that are set forth with particularity in the statement of the movant <u>will be deemed admitted for the purpose of summary judgment, unless specifically controverted by the statement of the opposing party</u> identifying material facts of record meeting the requirements of Fed. R. Civ. P. 56.

DUCivR 56-1(c) (emphasis added).

Here, Plaintiff's Opposition Memorandum does not meet this requirement, and clearly contains no concise statement of material facts as to which Plaintiff contends a genuine issue exists. Rather, Plaintiff has simply re-alleged each of the factual allegations in his Complaint, without any citation to competent evidence. Clearly, there is no attempt made by Plaintiff to controvert with competent evidence any of the factual allegations made in the Individual Defendants' Summary Judgment Memo. At one point Plaintiff does *argue* there is a dispute of fact with regard to whether Defendants' reliance on counsel is an extraordinary circumstance (a legal conclusion). (Pl. Opp. Mem. at pages 21-23.) However, Plaintiff only offers an inadmissible hearsay statement contained in his Amended Complaint in support of this "factual dispute." Clearly, pursuant to the Federal Rules of Civil Procedure and the applicable Local Rules, the Individual Defendants' factual allegations must each be deemed admitted.

Once each of the Individual Defendants' facts is deemed admitted, it becomes clear that each of the Individual Defendants is entitled to either legislative immunity, qualified immunity, or both, and therefore summary judgment may be granted by this Court and each of the Individual Defendants must be dismissed with prejudice. *See* Fed. R. Civ. P. 56(e)(3).

## II. Plaintiff Has Failed To Set Forth Competent Facts In Opposition To The Individual Defendants' Motion For Summary Judgment.

Plaintiff's Opposition Memo merely recites the allegations of the Amended Complaint, without citing to any affidavit, declaration, or any other competent evidence sufficient to allow this Court to consider Plaintiff's purported factual allegations on summary judgment. *See e.g.* (Pl. Opp. Mem. generally.) Fed. R. Civ. P. 56(c) requires that when asserting a fact, whether in support of or opposition to, a motion for summary judgment one must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Here, Plaintiff has cited to nothing other than the unsupported allegations found in the Amended Complaint. *See* (Pl. Opp. Mem. generally.)

The Tenth Circuit has clearly held that when responding to a motion for summary judgment an adverse party may not rest upon the mere allegations or denials in the adverse party's pleadings. *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). Rather, the adverse party must set forth specific facts - through competent evidence - showing that there is a genuine issue for trial. *Id.*; *see Johnson v. Weld County*, 594 F.3d 1202, 1210 (10th Cir. 2010) (holding that Rule 56 permits parties to utilize affidavit evidence based on personal knowledge, setting forth facts that would be admissible in evidence, and showing that the affiant is competent to testify on the matters stated); *Trainor v. Apollo Metal Specialties Inc.*, 318 F.3d 976 (10th Cir. 2003) (holding that "in

resisting the motion for summary judgment, the nonmoving party may not rely on mere allegations, or denials, contained in its pleadings or briefs. Rather, the nonmoving party must set forth specific facts showing the presence of a genuine issue of material fact for trial and significant probative evidence supporting the allegations." (marks omitted)).

Fed. R. Civ. P. 56(e) allows that where Plaintiff has failed to properly support its assertions of fact, and has utterly failed to properly address the Individual Defendants' assertions of fact as required by Rule 56(c), this Court may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Further, the Tenth Circuit has held that: "If the party does not so respond, summary judgment, *if appropriate*, shall be entered against the adverse party." *Reed*, 312 F.3d at 1194. Here, given the uncontroverted facts as competently set forth by the Individual Defendants, it is clear that summary judgment is appropriate in favor of each of the Individual Defendants.

### III. Qualified Immunity Is Available To The Individual Defendants In This Matter.

Plaintiff is incorrect in asserting that the Individual Defendants are not entitled to summary judgment because qualified immunity is not available in a § 1983 action where Plaintiff is seeking injunctive relief. Here, Plaintiff is seeking injunctive relief against only the Town of Springdale. If injunctive relief were asserted against an individual defendant it could only be asserted against that official in their official capacity, and not in their personal capacities.[2] *See Edelman v. Jordan*, 415 U.S. 651, 677, 94 S.Ct. 1347,

---

[2] Here, Plaintiff never expressly delineates whether his claims are asserted against the Individual Defendants in their official capacities, or their individual capacities. Official capacity claims are no

5

39 L.Ed.2d 662 (1974) (limiting the federal courts to providing only "prospective injunctive relief" against state officials sued in their official capacity). Plaintiff does recognize in the Opposition Memo that it is only "seeking an injunction to redress the constitutional violations that have been perpetuated by Defendants in their official capacities acting under color of state law." (Pl. Opp. Mem. at page 12.) A suit brought against an individual defendant in their official capacity is no different than a suit against the municipality. *Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998) (recognizing that suits against municipal officers acting in an official capacity are treated the same as those against a municipality).

Plaintiffs cite to an unpublished Fourth Circuit opinion, *Johnson v. County of Horry*, 360 Fed.Appx. 466, 472 (4th Cir. 2010), for the implied proposition that somehow qualified immunity is unavailable to the Individual Defendants. *Johnson v. County of Horry* cites to the recent Supreme Court case of *Pearson v. Callahan*, 129 S.Ct. 808, 821-22 (2009). *Pearson v. Callahan* does not hold as Plaintiff suggests that "qualified immunity is not available in § 1983 cases against a municipality, as well as § 1983 cases against individuals where injunctive relief is sought instead of or in addition to damages." (Pl. Opp. Mem. at page 11.) Rather, *Pearson* held that the rigid *Saucier v. Katz*, 533 U.S. 194 (2001) mandatory two-step qualified immunity analysis was relaxed. *Pearson* also held that the officers were in fact entitled to qualified immunity, despite the Tenth Circuit's attempt to cast the clearly established law in the general sense. *Id.* In dicta

---

different than claims against the municipality. Here, the municipality has not moved for summary judgment at this time. Accordingly, the Individual Defendants' Motion for Summary Judgment only asserts qualified immunity as a defense to individual capacity claims for monetary damages.

discussing when a Court should relax the rigid test the Supreme Court indicated only that qualified immunity should not be available to block an otherwise necessary determination of law. *Pearson*, 128 S.Ct. at 822 (citing *Sacramento v. Lewis*, 118 S.Ct. 1708 (noting that qualified immunity is unavailable "in a suit to enjoin future conduct, in an action against a municipality, or in litigating a suppression motion")).

The Town of Springdale has not moved for summary judgment. Injunctive relief is only sought against the Town of Springdale. *See* (Am. Compl. at prayer for relief.) Here, at some point in the future this Court will address the constitutional issue. Thus, Plaintiff's claims for injunctive relief are entirely unharmed by the current pending Motion for Summary Judgment brought by the Individual Defendants. In other words, granting the Individual Defendants' Motion for Summary Judgment based on the clearly applicable doctrine of qualified immunity will in no way block an otherwise necessary determination of the ultimate constitutional issue in this case. However, such a determination need only take place with regard to the Plaintiff's claims against the Town of Springdale.

**IV. The Individual Defendants Are Entitled To Qualified Immunity From Suit Because As A Matter Of Law The Facts Before The Court On This Motion Clearly Evidence That The Law Was Not Clearly Established Regarding The Unconstitutionality Of The Town Of Springdale's Formula Restaurant And Delicatessen Ordinance.**

The Individual Defendants asserted in their Motion for Summary Judgment that the law was not clearly established regarding the Town of Springdale's Formula Restaurant and Delicatessen Ordinance's ("the Ordinance") constitutionality. "This inquiry turns on the objective legal reasonableness of the action, assessed in light of the

legal rules that were clearly established at the time it was taken." *Pearson*, 129 S.Ct. at 822 (marks omitted). Qualified immunity shields a government official from suit when an officer **reasonably believes** that his or her conduct complies with the law. *Id.* at 823. The protections of qualified immunity apply "regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* at 815 (marks omitted). A civil rights defendant is entitled to "fair warning" that their conduct deprived the plaintiff of a constitutional right. *See Roska v. Peterson*, 328 F.3d 1230, 1247 (10th Cir. 2003). The Supreme Court has indicated that "fair warning" is rarely found in the general constitutional tests. *Brosseau v. Haugen*, 543 U.S. 194, 200 (2004). Rather, the law should be clearly established in a more particularized sense, where a case "squarely governs" the official's conduct. *Id.* at 201.[3]

Case law and arguments cited in the Individual Defendants' Motion for Summary Judgment clearly evidence that these Individual Defendants would not have known or even remotely had "fair warning" the Ordinance, or its enforcement, was unconstitutional. This is so even if the Ordinance is ultimately determined to be unconstitutional in this case. *See Pearson*, 129 S.Ct. at 823 (holding that where the

---

[3] Despite the fact that the only qualified immunity issue before the Court is whether the law was clearly established or not, Plaintiff designates more than three pages of his argument in the Opposition Memo to rehashing the allegations of the Amended Complaint to make out a constitutional violation, despite not once citing to anything other than speculative and unfounded allegations which are not supported by competent evidence. No case law is cited in this section of Plaintiff's Opposition Memo. *See* (Pl. Opp. Mem. at pages 13-17.) This Court need not determine whether the Ordinance is constitutional at this time. The Individual Defendants' Motion for Summary Judgment only argues that even assuming a constitutional deficiency with the Ordinance; the applicable and relevant law and undisputed facts of this case are such that the objective Individual Defendants would not have reasonably known they were enacting an allegedly constitutionally deficient Ordinance.

divergence of views on the constitutionality of an individual's conduct was created in the case at hand, it is improper to subject the individuals to money damages for their conduct). Here, the Individual Defendants clearly articulated that "the Town of Springdale is not aware of a Tenth Circuit or Supreme Court case that establishes that the Town of Springdale's formula restaurant ordinance is unconstitutional." (Supp. Mem. at page 14.) Plaintiff cites no such case in its Opposition Memo.

Plaintiff cites to a number of cases that per se restrict interstate commerce. *See* (Pl. Opp. Mem. at pages 18-19, citing to *Chem. Waste Mgmt. v. Hunt*, 504 U.S. 334 (1994); *Or. Waste Sys. v. Dep't if Envtl. Quality*, 511 U.S. 93 (1994); *Baldwin v. G.A.F. Seelig, Inc.*, 294 U.S. 511 (1935); *New Energy Co. of Ind. v. Limbach*, 486 U.S. 269 (1988); *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573 (1986).) None of these cases is applicable here, because here the Ordinance treats in state franchises the exact same as out of state franchises. Simply, these cases do not apply.

For example, in *Cachia v. Islamorada*, 542 F.3d 839 (11th Cir. 2008), the Eleventh Circuit held that a formula restaurant ordinance "does not facially discriminate against interstate commerce." *Id.* at 842. Similarly, Plaintiff even alleges that many other cities throughout the United States have similar ordinances. *See* (Amended Compl. at ¶ 23.) Notwithstanding, the Eleventh Circuit did ultimately indicate that when dealing with a formula restaurant "the burden is on the local government to show both that the regulation is supported by a legitimate local purpose and that there are no reasonable nondiscriminatory alternatives adequate to serve that purpose." *Id.* at 843. However, the

Eleventh Circuit remanded for such a balancing test, and did not ultimately decide the issue. *Id.*

No case cited by Plaintiff indicates that a formula restaurant ordinance has ever been held to violate the Constitution. Accordingly, the law is not clearly established that the Ordinance violates the constitution. Absent such ruling necessary to give the Town Officials **"fair warning,"** there is no way an objective and reasonable official in the Town of Springdale would have known they were enacting an unconstitutional formula restaurant ordinance.

Clearly, it is undisputed that the Town of Springdale undertook significant due care in enacting the Ordinance. For example, Springdale Officials asked their Town Attorneys to make a comprehensive study of the feasibility and legal possibilities of prohibiting or restricting formula restaurants and delicatessens; they were advised by their Town Attorneys that if the Town, community, and empirical evidence supported a reasonable restriction of formula restaurants, a prohibiting ordinance such as the formula restaurant ordinance enacted should be constitutional; and they undertook significant strides to study and gather a strong administrative record in support of the formula restaurant ordinance. *See* (Supp. Mem. at pages 6-7, and at ¶¶ 20-24.)

Accordingly, for the reasons articulated herein, and in the Individual Defendants' Supporting Memorandum, these Individual Defendants are entitled to qualified immunity from suit, and should be dismissed from this matter with prejudice.

Dated this 5th day of May 2011.

                          <u>/s Meb W. Anderson</u>
                          David L. Church
                          Meb W. Anderson
                          **BLAISDELL & CHURCH, PC**

## CERTIFICATE OF SERVICE

      I hereby certify that on May 5, 2011, I caused a true and correct copy of the foregoing **INDIVIDUAL DEFENDANTS' REPLY IS SUPPORT OF MOTION FOR SUMMARY JUDGMENT** to be served via electronic mail upon the following:


Clay Stucki
Jaryl Rencher
STUCKI STEELE & RENCHER, LLC
299 South Main Street, Suite 2200
Salt Lake City, Utah 84111


                                                                          /s Meb W. Anderson