IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| IZZY POCO, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TOWN OF SPRINGDALE, et al.,<br>        Defendants. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:10-cv-00559 CW<br><br>Judge Clark Waddoups |

Izzy Poco, LLC ("Izzy Poco") filed suit against the Town of Springdale ("Springdale"), various town employees, and members of the town council, contesting the constitutionality of an ordinance which prohibits franchise restaurants within town limits. Plaintiff asked for monetary damages under 42 U.S.C. §1983, as well as declaratory judgment and injunctive relief. All Defendants besides Springdale joined in a motion for summary judgment, asking to be released from the case on the basis of legislative and qualified immunity. Plaintiff agreed town council members were likely entitled to legislative immunity, and stipulated to a dismissal of its claims against them, with prejudice, which was ordered on September 29, 2011. At a hearing on October 20, 2011, the court ruled that the remaining defendants on the motion, Pat Cluff, Richard Wixom, Fay Cope, and Joe Barker (collectively "Individual Defendants") were entitled to summary judgment on the basis of qualified immunity.

## FACTS

In 2006, Springdale passed a town ordinance which banned formula restaurants, Springdale Town Code § 10-22-3, defined as any "business which is required by contractual or other arrangement to provide any of the following: substantially identical named menu items, packaging, food preparation methods, employee uniforms, interior decor, signage, exterior design, or name as any other restaurant or delicatessen in any other location."  Springdale Town Code § 10-2-2.  The ordinance was passed only after consulting with counsel and studying other municipalities with similar ordinances.  Defendants state the law was enacted in order to preserve the unique character of Springdale, a small, historic town just outside Zion's National Park.

In 2009, Izzy Poco received a business license from Springdale to operate a sandwich shop.  Once Springdale became aware Plaintiff's sandwich shop would be a Subway restaurant, it declined to renew the business license, citing the town ordinance prohibiting formula restaurants. In addition, Defendant Joe Barker, the Fire Marshall, refused to perform a fire inspection on the premises because of Plaintiff's plan to open a franchise restaurant.  As a result, Izzy Poco was not able to open the restaurant for business.

## LEGAL STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The court views the evidence in the light most favorable to the non-moving party, as "evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in the [nonmovant's favor]."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  However, the non-moving

party must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).  Here, Plaintiff has not submitted any support for its claims other than the allegations in the complaint.  Instead, it relies on the affidavit submitted by the Individual Defendants and argues that such evidence supports Izzy Poco's claims.

## ANALYSIS

Qualified immunity insulates government officials from personal civil liability as long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The doctrine protects an official "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brousseau v. Haugen*, 543 U.S. 194 (2004).   It is relevant that Individual Defendants were acting to enforce an ordinance approved by Springdale's town council, because "the existence of a statute or ordinance authorizing particular conduct is a factor which militates in favor of the conclusion that a reasonable official would find that conduct constitutional." *Rozka v. Petersen*, 328 F.3d 1230 (10th Cir. 2003) (internal quotation and citation omitted).

After the defendant contends that qualified immunity applies, the plaintiff must prove that the defendant violated clearly established law. *V-1 Oil Co. v. Wyoming*, 902 F.2d 1482 (10th Cir. 1990).  In this jurisdiction, "for a right to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other

-3-

courts must have found the law to be as the plaintiff maintains." *Cortez v. McCauley*, 478 F.3d 1108, 1114–15 (10th Cir. 2007) (internal quotations and citations omitted).

General statements of constitutional principles are not sufficient to prevent qualified immunity. "[I]n qualified immunity cases, except in the most obvious cases, broad general propositions of law are insufficient to suggest clearly established law . . . because the clearly established law must be such that it would put a reasonable official on notice that his conduct was unlawful." *Weise v. Casper*, 592 F.3d 1163, 1167 (10th Cir. 2010). Thus, though Plaintiff does not necessarily have to rely on cases with "fundamentally similar facts," it is required to show that a reasonable official should have known that his specific conduct violated Plaintiff's legal rights. *Hope v. Pelzer*, 536 U.S. 730, 740–41 (2002).

It is clearly established, as Izzy Poco contends, that state governments may not significantly burden interstate commerce through discriminatory, protectionist legislation. *See Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333, 354 (1977) (holding that the state of North Carolina could not prohibit the sale of apples in containers marked by the Washington state apple grades for the purported purpose of preventing consumer confusion, because of "the national interest in the free flow of goods between the States"). However, although there is a clearly established recognition of the importance of interstate commerce, Izzy Poco has not convinced the court that facially neutral laws prohibiting franchise restaurants have been clearly established as violating this constitutional principle. Plaintiffs have identified a single appellate case on point from the Eleventh Circuit, *Cachia v. Islamorada*, 542 F.3d 839 (11th Cir. 2008), which held that a local regulation banning franchise restaurants should be

subject to a heightened level of scrutiny because of the Dormant Commerce Clause.  With no

Supreme Court or Tenth Circuit cases on point, and only one circuit case explicitly suggesting

the ordinance could potentially be unconstitutional, the court finds that the law governing this

area is not clearly established.  As a result, Individual Defendants are entitled to qualified

immunity for acting to enforce the town ordinance.

## CONCLUSION

Because Springdale's ordinance banning formula restaurants did not violate clearly

established law, the Individual Defendants who enforced the ordinance are entitled to qualified

immunity for their actions.  Therefore, summary judgment is GRANTED in their favor.[1]

SO ORDERED this 28th day of October, 2011.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[1] Defendants' Motion for Summary Judgment, Dkt. No. 47.