IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IZZY POCO, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF SPRINGDALE,<br><br>    Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 2:10-cv-559-RJS<br><br>Judge Robert J. Shelby |

This is a constitutional challenge of a town ordinance.  Plaintiff Izzy Poco, LLC challenges Springdale, Utah's ordinance that prohibits franchise restaurants from operating in the town (the "Franchise Ordinance").  Izzy Poco sued Springdale after the town denied the company's application for a business license to operate a Subway fast-food restaurant.  The company contends that the Franchise Ordinance violates the dormant Commerce Clause.  The court finds that Izzy Poco lacks Article III standing because the company has failed to challenge two alternative grounds Springdale relied on to deny the application.  Thus, any requested relief the court renders would not redress Izzy Poco's injury.  Put differently, Izzy Poco would not obtain a business license even if the court invalidated the Franchise Ordinance.

## BACKGROUND

**I.  The Parties**

Izzy Poco is a limited liability company headquartered in Springdale, Utah.  The Town of Springdale is a political subdivision located in the State of Utah.  Springdale is a small town located immediately outside Zion National Park.

## II. The Ordinance

In 2005, the Springdale Town Council adopted a General Plan that "provide[d] a common vision for the future of the Town."[1] The Plan identified existing conditions that the town wanted to preserve, including small size, modest scale of buildings, low-density residential neighborhoods, pedestrian-friendly streetscape, and hometown flavor.[2] Based on a survey of town residents, the Plan stated that Springdale would closely regulate formula (i.e., franchise) restaurants.[3]

The Town Council subsequently passed the Franchise Ordinance, codified at Section 10-22-3 of the Springdale Town Code, that states "formula restaurants and formula delicatessens" are prohibited because they are "incompatible with the general plan."[4] A formula restaurant or delicatessen is defined as "[a] business which is required by contractual or other arrangement to provide any of the following: substantially identical named menu items, packaging, food preparation methods, employee uniforms, interior decor, signage, exterior design, or name as any other restaurant or delicatessen in any other location."[5] In sum, the Franchise Ordinance prohibits franchise restaurants, such as Subway, from operating in Springdale.

## III. Izzy Poco's Application

Izzy Poco applied to Springdale for a business license in February 2009. The application stated that Izzy Poco would run a business involving retail, dining, and tubing. The town granted Izzy Poco a license to operate its business out of a building on Zion Park Boulevard. In May 2010, the town sent Izzy Poco a letter stating that the business license needed to be renewed before the end of June. Izzy Poco had not yet operated a business, but it applied for a license

---

[1] Springdale General Plan (Dkt. 69, exh. A), at 447.
[2] *Id.* at 450-51.
[3] *Id.* at 449, 510, 627.
[4] Springdale Town Code § 10-22-3.
[5] *Id.* at § 3-1-1.

renewal on May 5, 2010. Renee Goodnow, the company's registered agent, completed the application. Ms. Goodnow omitted some required information from the application, including the business's phone number, the owner's phone number, the state business license number, and the manager's phone number.

Shortly after submitting its application, Izzy Poco began renovating the building where it planned to operate a Subway restaurant. On June 1, 2010, the Town's Director of Community Development, Thomas Danise, wrote a letter to the building owner that stated the construction required a permit. Mr. Danise's letter also stated that Izzy Poco's license renewal would be processed only after the health department and fire marshal inspected and approved the building. Lastly, the letter stated that the town was aware of Izzy Poco's plan to operate a Subway and that the Franchise Ordinance prohibited it.

On June 9, 2010, the Springdale fire marshal, Joe Barker, traveled to the restaurant but refused to inspect it. Springdale contends that Mr. Barker did not inspect the restaurant because he did not have the owner's name and contact information; Izzy Poco contends that Mr. Barker did not inspect the restaurant solely because it was a Subway. That same day, Faye Cope, the town clerk, contacted Ms. Goodnow to inform her that Izzy Poco needed to resubmit its application because the existing application was missing required information. Ms. Cope also stated that Izzy Poco could not operate a Subway restaurant in Springdale.

A few days later, town attorney Greg Hardman sent a letter to Izzy Poco stating three reasons the town denied the application: (1) Izzy Poco gave false and misleading information during the application process, (2) Izzy Poco failed to include required information in the application, and (3) the Franchise Ordinance prohibited operation of a Subway restaurant. Izzy Poco sued the town less than a week after receiving Mr. Hardman's letter, arguing that the

Franchise Ordinance violates the dormant Commerce Clause. Izzy Poco also alleged civil conspiracy. It did not, however, challenge the town's other two bases for denying the application (i.e., misrepresentations during the application process and failure to complete the application).

## ANALYSIS

### I. Standing

#### A. Legal Standard

Article III of the United States Constitution limits federal-court jurisdiction to cases and controversies. This limit is embodied in the doctrine of standing, which "identif[ies] those disputes which are appropriately resolved through the judicial process."[6] Standing is rooted in separation-of-powers principles.[7] It confines federal courts to forums for resolving disputes and prevents them from usurping the powers of the other political branches.[8] In particular, it prevents federal courts from issuing advisory opinions that interpret the law but do not resolve a live dispute.[9] Because standing is vital to the separation of powers, federal courts must vigilantly ensure that it exists in each case.[10] It cannot be stipulated to or waived.[11]

To invoke Article III jurisdiction, "a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likelihood that the injury will be redressed by a favorable decision."[12] Federal courts resolve disputes by granting or denying redress to an injury suffered by a litigant before the court and caused by an opposing litigant.

---

[6] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)).
[7] *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014).
[8] *Id.*
[9] *Flast v. Cohen*, 392 U.S. 83, 96-97 (1968).
[10] *See, e.g.*, *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 385-86 (1884); *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986).
[11] *See, e.g.*, *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934); *Williams*, 802 F.2d at 1202.
[12] *Id.* (quoting *Defenders of Wildlife*, 504 U.S. at 560) (internal quotation marks omitted).

A plaintiff invoking federal jurisdiction has the burden of establishing each element of standing.[13] The elements are not "mere pleading requirements but rather an indispensable part of the plaintiff's case."[14] Therefore, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation."[15] Further, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim. In response to a summary judgment motion, however, the plaintiff can no longer rest on such mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true."[16] With this standard in mind, the court considers whether Izzy Poco has established that it has standing.

### B. Injury and Causation

Izzy Poco has alleged and put forth evidence of injury and causation. Izzy Poco's alleged injury is that it cannot operate its Subway restaurant. Further, the company contends that the allegedly unconstitutional Franchise Ordinance caused the injury. Although the Ordinance is not the sole cause of Izzy Poco's injury, it is undisputed that the town at least partially based the application denial on it. The court thus focuses on the third element, redressability.

### C. Redressability

An injury is redressable when the practical consequence of the desired remedy "would amount to a significant increase in the likelihood that the plaintiff would obtain relief that

---

[13] *Defenders of Wildlife*, 504 U.S. at 561.
[14] *Id.*
[15] *Id.*
[16] *Id.* (citations and internal quotation marks omitted); *see also Carolina Cas. Ins. Co. v. Pinnacol Assurance*, 425 F.3d 921, 927 (10th Cir. 2005).

directly redresses the injury suffered."[17] In other words, there must be a substantial likelihood that the sought-after remedy would redress the injury.[18] A number of circuit courts have found that federal-court relief would not redress an injury when a separate, unchallenged obstacle prevents the plaintiff from receiving a remedy for her injury.[19] The Tenth Circuit has not indicated whether it would adopt the same reasoning its sister circuits apply.[20] But based on the redressability standard articulated by the Supreme Court, along with persuasive circuit-court authority, it is apparent that relief in this instance would not redress Izzy Poco's injury.

The town articulated two separate reasons for denying the application unrelated to the Franchise Ordinance: Izzy Poco made misrepresentations during the application process, and failed to complete the application. Izzy Poco has argued in its summary-judgment briefing that both of these grounds are insufficient. For example, Izzy Poco contends that it did not make misrepresentations in the application. But Izzy Poco's Complaint did not seek relief regarding the two separate grounds. Rather, the Complaint seeks declaratory, injunctive, and monetary relief related solely to the Franchise Ordinance. The court cannot redress Izzy Poco's injury based on its requested relief. Even if the court invalidated the Franchise Ordinance, that would not redress Izzy Poco's injury because the town's alternative grounds for denying the application would preclude the company from operating the Subway. Thus, Izzy Poco's desired remedy does not create a substantial likelihood that its injury would cease. Without first curing the defects in the application, Izzy Poco does not have standing to challenge the constitutionality of the Franchise Ordinance. Holding otherwise would contravene separation-of-powers principles

---

[17] *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1163 (10th Cir. 2005) (quoting *Utah v. Evans*, 536 U.S. 452, 464 (2002)).
[18] *Id.*; *see also Massachusetts v. E.P.A.*, 549 U.S. 497, 521 (2007).
[19] *See Maverick Media Grp., Inc. v. Hillsborough Cnty., Fla.*, 528 F.3d 817, 820 (11th Cir. 2008); *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461-63 (6th Cir. 2007); *KH Outdoor, L.L.C. v. Clay Cnty., Fla.*, 482 F.3d 1299, 1303 (11th Cir. 2007); *Covenant Media of SC, LLC v. City of N. Charleston*, 493 F.3d 421, 428-29 (4th Cir. 2007); *Advantage Media, L.L.C. v. City of Eden Prairie*, 456 F.3d 793, 802 (8th Cir. 2006).
[20] *Bishop v. Smith*, 760 F.3d 1070, 1077 (10th Cir.).

by rendering the court's order an advisory opinion that professed the law without actually resolving a dispute (i.e., redressing a legally cognizable injury caused by the defendant).

## CONCLUSION

For the reasons stated, this case is dismissed for lack of jurisdiction.[21] The court directs the Clerk of Court to close the case.

SO ORDERED this 2nd day of March, 2015.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[21] *See Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998); *Guy v. Barnhart*, 62 F. App'x 848, 850 (10th Cir. 2003).